UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | C.R. No. 18-83-JJM-LDA |
| ) | |
| JOSHUA SOUZA, ) | |
| Defendant. ) | |

ORDER

Joshua Souza filed a Motion for Compassionate Release seeking a reduction in sentence per 18 U.S.C. § 3582(c)(1)(A). ECF No. 60. The Court sentenced Mr. Souza in 2019 to ten years of incarceration after he pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime. The Court denied his prior Motions for Compassionate Release. ECF Nos. 35, 48, 54, and Text Order dated June 20, 2023.

In his current motions, Mr. Souza asks this Court to reduce his sentence by 24 months–from 120 months to 96 months. He bases this request on extraordinary harsh conditions at his facility, medical and family issues, and his record of rehabilitation. Currently his Bureau of Prisons release date is April 6, 2027.

A defendant seeking an early release (so-called "compassionate release") must meet several requirements. *United States v. Rivera-Rodríguez*, 75 F.4th 1, 18–19 (1st Cir. 2023). First, they must properly raise the request by meeting the exhaustion requirements in 18 U.S.C. § 3582(c)(1)(A). *Id.* at 19. Second, they must present sufficient "extraordinary and compelling reasons" to call for the reduction. *Id.* Third, consideration of the sentencing factors listed in 18 U.S.C. § 3553(a) must weigh in

favor of a reduction. *Id.*; *United States v. Quirós-Morales*, 83 F.4th 79, 84 (1st Cir. 2023). Finally, a defendant must not present "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The defendant bears the burden of proving that their circumstances qualify for early release. *See Rivera-Rodríguez*, 75 F.4th at 18–19.

The Court is guided by the United States Sentencing Commission's policy statement on Reduction in Term of Imprisonment under 18 U.S.C. § 3582(c)(1)(A). In pertinent parts it states:

> (b) Extraordinary and Compelling Reasons.—Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
> (1) Medical Circumstances of the Defendant.—
> \*\*\*\*\*
> (B) The defendant is—
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> \*\*\*\*\*
> (5) Other Reasons.—The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

U.S.S.G. § 1B1.13(b).

Mr. Souza sets forth a holistic view of a complex of circumstances to support his contention that there are extraordinary and compelling reasons to reduce his sentence. *United States v. Gonzalez*, 68 F.4th 699, 704 (1st Cir. 2023), *cert. denied*,

144 S. Ct. 217 (2023); *United States v. Quirós-Morales*, 83 F.4th 79, 83 (1st Cir. 2023) (quoting *United States v. Ruvalcaba*, 26 F.4th 14, 27 (1st Cir. 2022)). These include:

1. The extraordinary difficult conditions at FCI Allenwood Medium.

    - Staffing-shortage-caused lockdowns (". . . he has spent much of the year locked in his cell because of devastating staffing shortages at FCI Allenwood/Medium"). ECF No. 60 at 5;
    - On weekends, inmates not being able to leave their cells. *Id.*;
    - Visitors being turned away because of staffing shortages. *Id.* at 6

2. His medical condition, including a serious gastro-intestinal issue that he asserts is not being adequately addressed. ("Dr. Cullen did speak with staff member and offered his apology.") *Id.* at 9.

3. His extraordinary work at bettering himself while incarcerated and attesting to his rehabilitation (*e.g.*, 200-hour plumbers apprenticeship program). ECF No. 49 at 1;

4. His family support awaiting him (letter from his mother: "Me and Joshua's stepdad own our home in Norton Massachusetts we are prepared to open it to him and provide him with the emotional guidance, financial support, and love he will need. Joshua will have the opportunity to work with his stepfather who has owned his own trucking company for 26-plus years.") ECF No. 45 at 1.

Taken as a whole and following the directives of the United States Sentencing Commission, the Court finds that a combination of circumstances unique to Mr. Souza evidence extraordinary and compelling reasons to grant Mr. Sousa a reduced sentence.

Mr. Souza has served 75% of his sentence. Moreover, a review of all the § 3553 factors point to a term of 96 months being sufficient but not more than necessary to accomplish the goals of sentencing. Finally, based on his record of rehabilitation while incarcerated, the Court finds that the evidence shows that Mr. Souza does not present "a danger to the safety of any other person or to the community." 18 U.S.C. § 3142(g).

The Court GRANTS Joshua R. Souza's Motion to Reduce his Sentence effective on March 3, 2025. ECF No. 60. The Court imposes a period of 96 months of incarceration to be followed by three years of supervised release. Along with the standard conditions of supervised release, the following conditions are imposed:

1. Mr. Souza shall reside at a Residential Reentry Center, preferably the Coolidge House in Boston, MA or the Houston House in Pawtucket, Rhode Island, for a period of up to 6 months as determined by probation. While at the facility, Mr. Souza shall comply with all the policies, procedures, and regulations therein.

2. Mr. Souza shall participate in a program of mental health treatment as directed and approved by the Probation Office.

3. Mr. Souza shall not use or possess any alcohol.

4. Mr. Souza shall participate in a program of substance abuse treatment (inpatient or outpatient), as directed and approved by the Probation Office.

5. Mr. Souza shall participate in a program of substance abuse testing (up to 72 drug tests per year) as directed and approved by the Probation Office.

6. Mr. Souza shall participate in a manualized behavioral program as directed by the USPO. Such program may include group sessions led by a counselor or participation in a program administered by the USPO.

7. Mr. Souza shall contribute to the cost of all ordered treatment and testing based on ability to pay as determined by the probation officer.

8. Mr. Souza shall permit the probation officer, who may be accompanied by either local, state, or federal law enforcement authorities, upon reasonable suspicion of a violation of supervision by possessing firearms, to conduct a search of Mr. Souza's residence, automobile, and any other property under the defendant's control or ownership.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
John J. McConnell, Jr.
Chief Judge
United States District Court

February 7, 2025